[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The defendant has filed a motion to dismiss and an amended motion to dismiss claiming that the court lacks subject matter jurisdiction and in personam jurisdiction. Service was made upon the defendant by registered mail and by a process server in the state of New York.
The defendant denies that the plaintiff has satisfied the requirements of 46b-44 and 46b-46 of the General Statutes. The defendant, however, does not note the specific subparts of these statutes which the plaintiff has failed to satisfy.
The court finds the following:
1. The plaintiff has resided in the state of Connecticut since January 12, 1992.
2. The plaintiff voted in Connecticut in November, 1992.
3. The plaintiff has a Connecticut driver's license. CT Page 5603
4. The plaintiff has a Greenwich library card.
5. The plaintiff has a Greenwich beach permit.
6. The plaintiff executed a lease on February 7, 1992 for the rental of an apartment at 40 West Elm Street in Greenwich, Connecticut for the period February 12, 1992 to March 1, 1993.
7. On February 7, 1993, the plaintiff executed a renewal of that lease for the period February 12, 1993 to February 11, 1994.
8. During the period February 12, 1992 to the date of May 27, 1993, the plaintiff occupied and resided at 40 West Elm Street, Greenwich, Connecticut.
9. The plaintiff has satisfied the requirements of 46b-44(a) the General Statutes and 46b-44(c) of the General Statutes.
This court has subject matter jurisdiction. Notice of this action has been given and proved to the court by the sheriff's return and the return of the process server in New York. The provisions of 46b-46(a) of the General Statutes have been satisfied. The provisions of 46b-46(b), however, have not been proved. The court does not rule, therefore, with respect to personal jurisdiction. The lack of in personam jurisdiction, however, when the plaintiff has satisfied the requirements of46b-44 of the General Statutes, is not subject to a motion to dismiss.
The motion to dismiss is denied.
EDGAR W. BASSICK, III, JUDGE